IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 5, 2012 Floyd Mayweather, Jr. v. Miguel Cotto Event, Plaintiff, | § | |
| VS. | § | Civil Action No. 3:15-CV-1322-D |
| WKS INC., individually, and d/b/a CENTER CITY BAR AND GRILL and d/b/a MICHAEL'S OF ARLINGTON and d/b/a MICHAEL'S OF ARLINGTON II, et al., Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff J&J Sports Productions, Inc.'s ("J&J Sports's") March 15, 2016 motion for summary judgment, to which defendants have not responded, is granted as set forth in the court's judgment filed contemporaneously with this memorandum opinion and order.[1]

I

J&J Sports brings this action under the Federal Communications Act of 1934, alleging that defendants illegally intercepted the closed-circuit telecast of the May 5, 2012 Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program, including undercard or preliminary bouts (the "Event"), and exhibited the Event in their establishment, the

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Center City Bar and Grill a/k/a Michael's of Arlington a/k/a Michael's of Arlington II, without paying the licensing fee. Defendants are WKS Inc., individually, and d/b/a Center City Bar and Grill and d/b/a Michael's of Arlington and d/b/a Michael's of Arlington II; Wilbur K. Smith a/k/a Wilbur Smith, individually, and d/b/a Center City Bar and Grill and d/b/a Michael's of Arlington and d/b/a Michael's of Arlington II; and Tamieka D. Means a/k/a Tamieka Means a/k/a Tameka Means, individually, and d/b/a Center City Bar and Grill and d/b/a Michael's of Arlington and d/b/a Michael's of Arlington II.

J&J Sports filed its motion for summary judgment on March 15, 2016. Defendants' response was due by April 5, 2015.[2] Defendants have not responded, and the motion is ripe for determination.

II

Because J&J Sports is moving for summary judgment on a claim on which it will have the burden of proof at trial, it "must establish 'beyond peradventure all of the essential elements of the claim.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that J&J Sports must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

[2]*See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

Defendants have not responded to J&J Sports's motion. Although their failure to respond does not permit the court to enter a "default" summary judgment in J&J Sports's favor, *see, e.g.*, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his or her] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

In this case, J&J Sports has established beyond peradventure that it is entitled to summary judgment. Defendants, by failing to respond to J&J Sports's motion, have not disputed J&J Sports's evidence or the facts on which the motion relies.

Accordingly, the court grants J&J Sports's March 15, 2016 motion for summary judgment as set forth in the court's judgment filed contemporaneously with this memorandum opinion and order.[3]

**SO ORDERED**.

May 3, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

[3]Although parties represented by J&J Sports's counsel routinely request contingent attorney's fees and prospective fees for appeals and collection efforts, this court awards only reasonable and necessary fees actually incurred through the time of judgment, and it defers awards for appeals and collection efforts unless and until such fees are incurred and an application is made for a separate award of such fees.